**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXANDER REENTS, on behalf of himself and others similarly situated, | : :  CIVIL ACTION FILE NO. |
| Plaintiff, | : : |
| v. | : :  **COMPLAINT – CLASS ACTION** |
| TAX ADVOCATE GROUP, LLC | : : :  **JURY TRIAL DEMANDED** |
| Defendant. | : : : |

Plaintiff Alexander Reents (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Tax Advocate Group, LLC ("Tax Advocate") to market its tax consolidation services through the use of a telemarketing campaign, including

telephone calls involving pre-record messages, despite not having the requisite consent to contact those individuals.

3. In addition to violating the TCPA, the telemarketing campaign engaged in by Tax Advocate also violated 815 ILCS 305, the Illinois Automatic Telephone Dialers Act when it used a pre-recorded message.

4. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Alexander Reents is an individual citizen and resident of this District.

7. Defendant Tax Advocate Group, LLC is a Wyoming corporation with a principal place of business in Studio City, CA.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. Tax Advocate is subject to specific personal jurisdiction because it made telemarketing calls to the Plaintiff by directing its conduct into this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing solicitations that are the subject of this putative class action lawsuit.

## **TCPA BACKGROUND**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

13. Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

14. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

15. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone

dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

16. Under the TCPA, the burden is on the seller to have obtained and documented, and to prove, prior express written consent.

## ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT

17. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

18. The ATDA provides for treble actual damages, statutory damages of $500 per violation, and costs and reasonable attorneys' fees. 815 ILCS 305/30(c).

19. Passage of the 2013 amendments to the ATDA providing for statutory damages, as invoked here, was unanimous in the Illinois legislature.

## FACTUAL ALLEGATIONS

20. Defendant Tax Advocate is a "person" as the term is defined by 47 U.S.C. § 153(39).

21. The Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

Calls to Plaintiff

22. Plaintiff's telephone number, 630-XXX-1481, is a cellular telephone line.

23. Mr. Reents received telemarketing calls from Tax Advocate on October 4 and 14, 2021 to that line.

24. The calls utilized the following pre-recorded message:

4

> Hello my name is Mary Fletcher state number FF694 this is our notification call from our Department of tax debt and financial settlement services the purpose of this call is to inform all US citizens on our state list about the new tax debt compromise program…

25. The calls informed the Plaintiff to call back (866) 489-2459.

26. Other individuals have made complaints about receiving calls from that number. *See* https://800notes.com/Phone.aspx/1-866-489-2459; https://www.callercenter.com/866-489-2459.html (Last Visited November 16, 2021).

27. To identify the company calling, the Plaintiff contacted the phone number.

28. The Plaintiff spoke to Alex Miller who advertised tax consolidation services offered by the Defendant.

29. Confirming the solicitation nature of the call, Mr. Reents also spoke to Mr. Miller's supervisor, Logan Murphy.

30. Mr. Murphy then sent a text message to Mr. Reents confirming they spoke.

31. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for tax resolution services.

32. These calls therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

33. Plaintiff and all members of the classes defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls and text messages that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## **CLASS ACTION ALLEGATIONS**

34. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings

this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

35. The classes of persons Plaintiff proposes to represent are tentatively defined as:

### PRERECORDED CLASS

All persons within the United States to whom: (a) Defendant or a third party acting on its behalf, made one or more telephone calls promoting its goods and/or services; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

### IL ATDA SUBCLASS

All Illinois residents to whom: (a) Defendant and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

36. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. The classes as defined above are identifiable through phone records and phone number databases.

38. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

39. Plaintiff is a member of the classes.

40. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether Defendant's calls are solicitations;

  b. Whether Defendant made calls using a prerecorded voice;

  c. Whether Defendant placed calls without obtaining the recipients' prior express written consent for the call; and

  d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

41. Plaintiff's claims are typical of the claims of class members.

42. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

43. The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### Count One
### Violation of the TCPA's Automated Telemarketing Call Provisions

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or having one of its vendors initiate on its behalf, a call that includes an advertisement or constitutes telemarketing to the Plaintiff's cellular telephone number using a pre-recorded voice without his prior express written consent.

48. Defendant's violations were negligent and/or willful.

## Count Two
### Violations of the ATDA, 815 ILCS 305/1 *et seq.*

49. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

50. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

51. Defendant did not have the consent of Plaintiff or the other members of the IL ATDA Sub-Class to play a prerecorded message placed by an autodialer.

52. Nonetheless, Defendant called the phones of Plaintiff and the other members of the IL ATDA Sub-Class using a telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message. No human being physically dialed each digit of Plaintiff's or the other IL ATDA Sub-Class members' phone numbers to connect their telephones with a recorded message.

53. Consequently, Defendant violated the ATDA by playing a prerecorded message placed by an autodialer during calls to the phones of Plaintiff and the other IL ATDA Sub-Class members, without such persons' consent, or by the fact that others did so on its behalf.

54. As a result of Defendant's conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the IL ATDA Sub-Class were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

## **RELIEF SOUGHT**

For himself and all members of the Classes, Plaintiff requests the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F. An award to Plaintiff and the Classes of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorney

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com