UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER REENTS, on behalf of himself and others similarly situated,<br><br>  Plaintiff<br><br>v.<br><br>TAX ADVOCATE GROUP, LLC,<br><br>  Defendant | Case No. 1:21-cv-06235<br>Honorable Manish S. Shah |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TAX ADVOCATE GROUP, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
KJC LAW GROUP, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
Facsimile: (818) 994-9200

*Attorneys for Defendant*
Tax Advocate Group, LLC

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ALLEGED FACTS ................................................................................................................2

III. STANDARD OF REVIEW ....................................................................................................3

IV. ARGUMENT ..........................................................................................................................4

    A. The Court Should Dismiss Plaintiff's TCPA Claim Because He Has Not Plausibly Alleged the Use of a Prerecorded Voice ..................................................5

    B. The Court Should Dismiss Plaintiff's ITA Claim Because He Has Not Sufficiently Pled Damages ........................................................................................8

V. CONCLUSION .....................................................................................................................10

**TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................................6

*Despot v. Allied Interstate, Inc.*,
    No. 15-15, 2016 WL 4593756 (W.D. Pa. Sept. 2, 2016) ..........................................................7

*Hanley v. Green Tree Servicing, Inc.*,
    934 F.Supp.2d 977 (N.D. Ill. 2013) ................................................................................. 4, 5, 8

*Johansen v. Vivant, Inc.*,
    No. 12–7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) .....................................................6

*Martin v. Direct Wines, Inc.*,
    No. 15-757, 2015 WL 4148704 (N.D. Ill. Jul. 9, 2015) .......................................................3, 7

*Moore v. CHW Group, Inc.*,
    No. 18-cv-6960, 2019 WL 3216029 (N.D. Ill. Jul. 17, 2019) ......................................... 4, 6, 7

*In re Rules and Regulations Implementing the Telephone Consumer Protection
    Act of 1991*,
    Declaratory Ruling, and Order, 30 FCC Rcd. 7961 (2015) ......................................................4

*Thrasher-Lyon v. Illinois Farmers Insurance Co.*,
    861 F.Supp.2d 898 (N.D. Ill. 2012) ............................................................................ 1, 5, 8, 9

*TransUnion v. Ramirez*,
    141 S.Ct. 2190 (2021) ...........................................................................................................2, 9

*Trumper v. GE Capital Retail Bank*,
    79 F.Supp.3d 511 (D.N.J. 2014) ...............................................................................................7

*Wallack v. Mercantile Adjustments Bureau, Inc.*,
    No. 14-0387, 2014 WL 1515852 (E.D. Mich. Apr. 18, 2014) .................................................5

*Warciak v. One, Inc.*,
    2016 WL 7374278 (N.D. Ill. Dec. 20, 2016) ............................................................................9

**State Cases**

*Price v. Philip Morris, Inc.*,
 848 N.E.2d 1 (Ill. 2005)..................................................................................................9

**Federal Statutes**

47 U.S.C. § 227...................................................................................................................1

47 U.S.C. § 227(b)(1)(A)(iii).........................................................................................5, 7

**State Statutes**

815 ILCS 305/1...................................................................................................................1

815 ILCS 305/5(a) .............................................................................................................5

815 ILCS 305/5(c) .............................................................................................................5

815 ILCS 305/30(b) ...........................................................................................................4

815 ILCS 305/30(c) ............................................................................................... 1, 4, 5, 8

815 ILCS 505/1...................................................................................................................9

**Rules**

Federal Rules of Civil Procedure, Rule 12...................................................................4

Federal Rules of Civil Procedure, Rule 12(b)(6)................................................... 1, 3, 4

I.  **INTRODUCTION**

Defendant Tax Advocate Group, LLC ("TAG"), by its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves the Court to dismiss the Complaint filed by Plaintiff Alexander Reents ("Plaintiff"). TAG seeks dismissal of the Complaint on the grounds Plaintiff fails to state a claim against TAG for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/1 ("ITA"). The allegations in the Complaint fall short of meeting the requirement for a short and plain statement of a plausible claim for relief.[1]

*First*, with respect to Plaintiff's TCPA claim (Count I), Plaintiff has attempted to assert claims on behalf of a class of persons who were called through the use of a "prerecorded voice." (Compl., ¶ 35.) But Plaintiff fails to allege facts that give rise to a plausible inference that he ever received a prerecorded message from TAG. Plaintiff never alleges that he answered a single call from TAG, much less any other factual basis upon which the Court could plausibly conclude that prerecorded messages were employed. Nor does Plaintiff even clearly allege TAG was the one who sent him prerecorded messages. The failure to allege such facts demands dismissal of Plaintiff's TCPA claim.

*Second*, Plaintiff's claim under the ITA (Count II) must also be dismissed because Plaintiff has not alleged he suffered an injury or incurred any "actual damages." *See* 815 ILCS 305/30(c); *Thrasher-Lyon v. Illinois Farmers Insurance Co.*, 861 F.Supp.2d 898, 906 (N.D. Ill. 2012) (dismissing the plaintiff's ITA claim because the plaintiff had "only alleged injury or damages in

---

[1] Although the Court's Local Rules do not require counsel to meet and confer before filing a motion to dismiss, the parties did so here (through their counsel). However, the parties were unable to resolve TAG's pleading dispute informally.

a most conclusory manner as her complaint lacks any facts about how precisely she was damaged"; the court explained that "where actual injury or damages are an element of a claim, as they are here, a plaintiff must state sufficient facts alleging that she has suffered an injury or damages" (citing *Yu v. Int'l Bus. Machs. Corp.*, 732 N.E.2d 1173, 1177 (Ill. App. Ct. 1st Dist. 2000)); *see also TransUnion v. Ramirez*, 141 S.Ct. 2190, 2212–13 (2021) (holding that even if a federal statute creates a private right of action authorizing individuals to sue violators for actual or statutory damages, a plaintiff may not bring such an action in federal court unless they allege—and ultimately prove—that they suffered actual harm from a statutory violation).  Plaintiff therefore has not alleged sufficient facts to maintain his ITA claim.

## II.     ALLEGED FACTS

Plaintiff alleges that TAG called his cell phone twice.  He does not plead basic facts regarding these calls; the circumstances surrounding them; or even that he ever answered a single call from TAG.  (Compl., ¶¶ 22–32.)  He baldly posits that the calls utilized a "pre-recorded message," but does not allege any facts supporting this legal conclusion.  (*Id.*, ¶ 24.)

Instead, Plaintiff pleads the partial content of two messages, by way of reciting what was allegedly sent to his cell phone.  (*Id.*)  As can be seen, the message was allegedly transcribed as follows: "Hello my name is Mary Fletcher state number FF694 this is our notification call from our Department of tax debt and financial settlement services the purpose of this call is to inform all US citizens on our state list about the new tax debt compromise program…" (*Id.*)  The message also allegedly notified Plaintiff that he could "call back (866) 489-2459." (*Id.*, ¶ 25.)  He further alleges the two calls he received violated his privacy, constituted a nuisance, and "occupied [his] telephone line from legitimate communication." (*Id.*, ¶ 33.)

2

Parroting the TCPA's statutory language, Plaintiff then alleges that TAG placed a call "that includes an advertisement or constitutes telemarketing to [his] cellular telephone number using a pre-recorded voice without his prior express written consent." (*Id.*, ¶ 47.) Plaintiff alleges no facts supporting this legal conclusion. He also parrots the ITA's statutory language, alleging TAG "play[ed] a prerecorded message placed by an autodialer." (*Id.*, ¶ 51.)

Moreover, Plaintiff alleges he was repeatedly able to contact and communicate with TAG via telephone regarding these purported calls. He first alleges that at some unspecified time he called TAG at the number left for him in one of the voice messages. (*Id.*, ¶ 27.) He alleges that on this call, he spoke with "Alex Miller[,] who advertised tax consolidation services offered by the Defendant [TAG]." (*Id.*, ¶ 27.) Plaintiff then alleges that in order to "[c]onfirm[] the solicitation nature of the call," he spoke to "Mr. Miller's supervisor, Logan Murphy." (*Id.*, ¶ 29.) He claims Mr. Murphy then sent him a text message confirming the two of them spoke by phone. (*Id.*, ¶ 30.) Plaintiff does not allege any violation of the TCPA or ITA for this call, or claim that it was made with a prerecorded voice. Instead, Plaintiff alleges that he spoke to two live persons, whom he identifies by name in the Complaint. (*Id.*, ¶¶ 28–29.)

### III. **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that, if true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under the plausibility standard, courts "'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Martin v. Direct Wines, Inc.*, No. 15-757, 2015 WL 4148704 at *1 (N.D. Ill. Jul. 9, 2015) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013)). Complaints that fail to sufficiently allege such facts and instead rest on conclusory statements or

3

merely parrot the statutory elements of a claim are properly dismissed pursuant to Rule 12(b)(6). *Id.*; *see also Hanley v. Green Tree Servicing, Inc.*, 934 F.Supp.2d 977, 981 (N.D. Ill. 2013) (applying the plausibility standard and dismissing the plaintiff's TCPA claim).

## IV. ARGUMENT

Originally enacted in 1991 to combat abusive telemarketing calls made by the thousands to randomly dialed residential telephone numbers, the TCPA has become "the poster child for lawsuit abuse," according to the former Chairman of the Federal Communications Commission. *See, e.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 8073 (2015) (Pai, dissenting). The statutory damages of $500 to $1,500 per call or text message, with no cap on aggregation, has produced an unparalleled wave of putative class litigation, including many claims that cannot withstand Rule 12 scrutiny. This case is no different.

To state a TCPA claim, Plaintiff must assert well-pleaded allegations that "1) a call was made; 2) the caller used an automated telephone dialing system ('ATDS') or artificial or pre-recorded voice; 3) the telephone number called was to a residential line; and 4) the caller did not have prior express consent of the recipient." *Moore v. CHW Group, Inc.*, No. 18-cv-6960, 2019 WL 3216029, at *2 (N.D. Ill. Jul. 17, 2019). Plaintiff has not done so here.

Similarly, the ITA's "recorded messages provision" makes it unlawful "to play a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b). The ITA also allows "[a]ny customer injured by a violation of this Act [to] bring an action for the recovery of damages." 815 ILCS 305/30(c). Accordingly, to state a claim under the ITA, a plaintiff must allege that "(1) she is a telephone customer; (2) the defendant placed a call using an autodialer; (3) the defendant played a prerecorded message; (4) the call was not made

4

with her consent; and (5) she was injured by the defendant's alleged violation." *Thrasher-Lyon*, 861 F.Supp.2d at 905 (citing 815 ILCS 305/30(b)–(c)).[2] Plaintiff has not done so here either.

### A. The Court Should Dismiss Plaintiff's TCPA Claim Because He Has Not Plausibly Alleged the Use of a Prerecorded Voice

To sustain a claim under the TCPA, it is well settled that Plaintiff must plausibly allege—in a non-conclusory fashion—that TAG called him using equipment that constitutes an ATDS or with an artificial or prerecorded voice. Failure to do so is fatal to Plaintiff's claim. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (requiring consent for calls made with an ATDS or an artificial or prerecorded voice); *Hanley*, 934 F.Supp.2d at 982 (dismissing complaint for failure to plausibly allege the use of an ATDS).

As several courts have recognized, including courts in the Seventh Circuit, "to satisfy the *Twombly/Iqbal* standard with respect to such a TCPA claim, a plaintiff must plead facts with specificity, such as (i) the number of allegedly unlawful calls received, (ii) the approximate dates and times of these calls, and (iii) circumstances that would support the inference that these calls were placed with a[n] automatic telephone dialing system or an artificial or prerecorded voice." *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-0387, 2014 WL 1515852 at *2 (E.D. Mich. Apr. 18, 2014) (citing *Hanley*, 934 F.Supp.2d at 983–84; *Duran v. Wells Fargo Bank, N.A.*, 878 F.Supp.2d 1312, 1316 (S.D. Fla. 2012) (dismissing the plaintiff's TCPA claim where he "allege[d] in a conclusory manner that Defendant placed 'many' non-emergency calls to his cellular phone" but pled "no facts whatsoever about any automated or pre-recorded calls Defendant

---

[2] Under the ITA, an "autodialer" means "any telephone dialing or accessing device . . . capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message." *See* 815 ILCS 305/5(a). And a "recorded message" is a "taped communication soliciting the sale of goods or services without live voice interaction." *Id.*, 305/5(c).

allegedly made"); *Johansen v. Vivant, Inc.*, No. 12–7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (opining that "[i]t is not unreasonable . . . to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via" an automated dialing system)).

Where a plaintiff provides no information about the calls, "other than stating that [TAG] left pre-recorded messages on his cellular phone using an ATDS," he has not stated a claim under the TCPA. *Johansen*, 2012 WL 6590551, at *3 ("Without enhancing his complaint with anything more than the language already available in the statute, Plaintiff provides only a threadbare, 'formulaic recitation of the elements' of a TCPA cause of action, which is not entitled to an assumption of truth.") (quoting *Iqbal*, 556 U.S. at 678, 680; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)); *see also Moore*, 2019 WL 3216029, at *2 ("At the very least Moore is required to plead a layman's explanation for why he believed that the solicitation was pre-recorded. Without this, Moore does not supply sufficient independent facts 'to raise a reasonable expectation that discovery will reveal evidence' of the alleged misconduct.") (quoting *Twombly*, 550 U.S. at 556).

As in these cases, Plaintiff's pleading of legal conclusions and mere parroting of statutory language is wholly insufficient and dooms his TCPA claim. Because Plaintiff has not alleged facts from which the Court can plausibly infer that an artificial or prerecorded voice was used by TAG to call Plaintiff or members of his proposed class, he fails to plead an essential element of his TCPA claim. As a result, the TCPA claim should be dismissed.

Critically, it is incumbent on Plaintiff to allege facts that support his allegations of an alleged robotic or prerecorded voice, and the failure to do so requires dismissal of his claim. *See*

6

*Martin*, 2015 WL 4148704 at *2–3 (holding that a plaintiff must plead facts that establish his belief that the messages were pre-recorded or delivered via the ATDS) (citing *Banks v. Green Tree Servicing, LLC*, No. 14 C 2825, 2015 WL 1058124, at *5 (N.D. Ill. Mar. 5, 2015) (Coleman, J.) (dismissing a TCPA claim because the plaintiff failed to allege facts indicating why she believed the defendant used an ATDS); *Hanley*, 934 F.Supp.2d at 983–84 (Castillo, J.) (the mere recitation of "facts mimicking the elements of a" TCPA claim is insufficient to state a claim); *Oliver v. DirecTV, LLC*, No. 14 C 7794, 2015 WL 1727251, at *3 (N.D. Ill. Apr. 3, 2015) (Zagel, J.) (plaintiffs' allegations suggested that defendant possibly used an ATDS but did not raise a plausible inference that it actually did so)).

Here, rather than plead such facts, Plaintiff's Complaint consists entirely of (i) a mere recitation of the statutory elements (Compl., ¶¶ 47 & 51); and (ii) generic and conclusory claims about TAG's alleged use of autodialed and prerecorded voice calls (*id.*, ¶ 53).

Nowhere does Plaintiff allege that he answered a single call from TAG, and nowhere does he allege any other facts to support the assertion that any calls were made with an artificial or prerecorded voice. *See generally* Compl. Nor does Plaintiff even clearly allege TAG was the one who sent him prerecorded messages. All that TAG and this Court are left with is Plaintiff's unsupported conclusion that the alleged calls violated the TCPA. This is not enough, and Plaintiff's TCPA claims should thus be dismissed. *See, e.g.*, *Moore*, 2019 WL 3216029, at *2 (dismissing complaint because the plaintiff did not plead facts that plausibly alleged the use of a prerecorded voice); *Trumper v. GE Capital Retail Bank*, 79 F.Supp.3d 511, 513 (D.N.J. 2014) (dismissing complaint because plaintiff did not plausibly allege the use of a prerecorded voice); *Despot v. Allied Interstate, Inc.*, No. 15-15, 2016 WL 4593756, at *5 (W.D. Pa. Sept. 2, 2016) ("Plaintiff's allegations merely parrot the language of 47 U.S.C. § 227(b)(1)(A)(iii) and state that

7

he received thirteen 'unlawful' calls. . . . Without more, such conclusory allegations fail to plead sufficient facts to support a plausible TCPA claim against [defendant]." (citations omitted)); *Hanley*, 934 F. Supp. 2d at 983 ("Hanley merely states what he understands the TCPA to proscribe, and then goes on to plead threadbare and conclusory facts that allege the elements of a prima facie cause of action under the Act, but nothing more." (citation omitted)).

> B. **The Court Should Dismiss Plaintiff's ITA Claim Because He Has Not Sufficiently Pled Damages**

As discussed above, Plaintiff has failed to state a claim against TAG that satisfies the plausibility standard. For the same reasons that Plaintiff's TCPA claim (Count I) must be dismissed, Plaintiff's claim under the ITA (Count II) must also be dismissed.

In addition, the ITA requires Plaintiff to suffer an injury and incur "actual damages" in order to bring a claim. *See* 815 ILCS 305/30(c). Courts have dismissed similar ITA claims for failure to allege actual damages. For example, in *Thrasher-Lyon*, the court examined an ITA claim and held that "where actual injury or damages are an element of a claim, as they are here, a plaintiff must state sufficient facts alleging that she has suffered an injury or damages." *Thrasher-Lyon*, 861 F.Supp.2d at 906 (citing *Yu*, 732 N.E.2d at 1177) (affirming the district court's dismissal of the plaintiff's complaint and holding that plaintiff's claims, which required actual injury or damage, constituted mere "conjecture and speculation," because plaintiff failed to allege any actual harm).

The *Thrasher* court dismissed the plaintiff's ITA claim because the plaintiff alleged only that she "seeks to recover statutorily set damages" and "is entitled to recover treble damages," without "detail[ing] the precise injury she suffered or how she was damaged or injured by [defendant's] alleged violations of the ITA's recorded messages provision." *Id.* The court held

the plaintiff had "only alleged injury or damages in a most conclusory manner as her complaint lack[ed] any facts about how precisely she was damaged." *Id.*; *see also TransUnion*, 141 S.Ct. at 2212–13 (2021) (holding that even if a federal statute creates a private right of action authorizing individuals to sue violators for actual or statutory damages, a plaintiff may not bring such an action in federal court unless they allege—and ultimately prove—that they suffered actual harm from a statutory violation).

Similarly here, Plaintiff has not pled factual allegations that he suffered any actual damages. Instead, Plaintiff alleges the two calls he received violated his privacy, constituted a nuisance, and "occupied [his] telephone line from legitimate communication." (Compl., ¶ 33.) However, these alleged damages are not "actual damages." "Actual damages must be calculable and 'measured by the plaintiff's loss.'" *Thrasher*, 861 F.Supp.2d at 913 (quoting *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1053 (Ill. App. Ct. 1st Dist. 2009)); *see also Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 55 (Ill. 2005) (Karmeier, J. concurring) (noting that a plaintiff must allege that she was "harmed in a concrete, ascertainable way," meaning that "the defendant's deception made plaintiff tangibly worse off").

Plaintiff's damage allegations do not constitute "actual damages" because they do not arise from purely economic injuries or pecuniary loss. TAG anticipates Plaintiff may argue that the alleged damages of monies paid to receive the calls is economic harm that constitutes "actual damages" under the Illinois Consumer Fraud Act, 815 ILCS 505/1 ("ICFA"); however, this category of damages has been rejected as "actual damages" under the ICFA in a similar TCPA case.

For example, the plaintiff in *Warciak v. One, Inc.* sought damages for the "cost associated with receiving the unwanted and unsolicited text messages." No. 16 C 7426, 2016 WL 7374278,

9

at *4 (N.D. Ill. Dec. 20, 2016). The court held that this category of damages is "ephemeral at best" and "are so negligible from an economic standpoint as to render any damages unquantifiable" under the ICFA. *Id.* Similarly here, to the extent Plaintiff alleges any such damages, they are negligible from an economic standpoint. His failure to allege actual damages is fatal to his ITA claim.

### V. CONCLUSION

For the foregoing reasons, Defendant Tax Advocate Group, LLC respectfully requests that the Court enter an order dismissing the claims against it.

DATED: February 4, 2022                     Respectfully submitted,

                                            **TAX ADVOCATE GROUP, LLC**

By:  */s/ Kevin J. Cole*
      Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
      KJC LAW GROUP, A.P.C.
      9701 Wilshire Blvd., Suite 1000
      Beverly Hills, CA 90212
      Telephone: (310) 861-7797
      Facsimile: (818) 994-9200

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Kevin J. Cole, an attorney, certify that I electronically filed Defendant Tax Advocate Group, LLC's Memorandum of Law with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on this 4th day of February, 2022.

By: */s/ Kevin J. Cole*
Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
KJC LAW GROUP, A.P.C.