IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDER REENTS, on behalf of himself and others similarly situated, | CIVIL ACTION FILE NO. 1:21-cv-6235 |
| Plaintiff, | |
| v. | **Honorable Manish S. Shah** |
| TAX ADVOCATE GROUP, LLC | |
| Defendant. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Alexander Reents brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305 ("IATDA")[1] alleging that Tax Advocate Group, LLC marketed its tax consolidation services through the use of a telemarketing campaign, including telephone calls involving pre-record messages, despite not having the requisite consent to contact those individuals. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

Plaintiff's Complaint plainly and sufficiently alleges facts that state plausible claims for Tax Advocate Group's liability for these calls under the TCPA. Plaintiff has alleged specific details regarding the frequency and content of identical pre-recorded calls soliciting his business by the Defendant in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and the technology Defendant used to make the calls.

---

[1] Plaintiff assents to dismissal of his claim under the IATDA provision, and therefore does not address the Defendant's arguments as to that claim.

Defendant's motion should be denied.

## BACKGROUND

As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020). Here, Mr. Reents has alleged that Tax Advocate Group engaged in a pre-recorded telemarketing campaign to market its tax consolidation services through the use of a telemarketing campaign, including telephone calls involving pre-record messages, despite not having the requisite consent to contact those individuals. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls:

PRERECORDED CLASS

> All persons within the United States to whom: (a) Defendant or a third party acting on its behalf, made one or more telephone calls promoting its goods and/or services; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

*See* ECF No. 1 at ¶ 35.

## STANDARD OF REVIEW

To state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010).

## ARGUMENT

1. **By Transcribing the Entire Pre-Recorded Message Left on his Cellular Telephone, the Mr. Reents has put Tax Advocate Group on Adequate Notice of his Claim.**

Under the TCPA, it is unlawful "for any person ... to make any call [other than for emergencies or with the recipient's prior express consent] using … an artificial or prerecorded voice" to a cell phone. 47 U.S.C. § 227(b)(1)(A)(iii). A plaintiff sufficiently pleads a pre-recorded message claim under the TCPA when the allegations supply details beyond bare legal conclusions or the recitation of statutory language, such as the frequency of the calls and their content. *Evans v. Nat'l Auto Div., L.L.C.*, No. 15-8714, 2016 U.S. Dist. LEXIS 29348, at *4-5 (D.N.J. Mar. 7, 2016). Here, Plaintiff has provided full transcriptions of two pre-recorded messages, which were **identical** in content. Indeed, Mr. Reents has alleged:

3

- Mr. Reents received telemarketing calls from Tax Advocate on October 4 and 14, 2021 to that line.
- The calls utilized the following pre-recorded message:

    > Hello my name is Mary Fletcher state number FF694 this is our notification call from our Department of tax debt and financial settlement services the purpose of this call is to inform all US citizens on our state list about the new tax debt compromise program…

- The calls informed the Plaintiff to call back (866) 489-2459.
- Other individuals have made complaints about receiving calls from that number. *See* https://800notes.com/Phone.aspx/1-866-489-2459; https://www.callercenter.com/866-489-2459.html (Last Visited November 16, 2021).
- To identify the company calling, the Plaintiff contacted the phone number.
- The Plaintiff spoke to Alex Miller who advertised tax consolidation services offered by the Defendant.

*See* ECF No. 1 at ¶¶ 23-28. Indeed, on the websites identified, individuals are complaining of receiving the same pre-recorded message in different areas of the country. *See e.g.* https://www.callercenter.com/866-489-2459.html (mentioning that the call, reported on October 15, 2021, included an "ID Number" as did the call received by Mr. Reents).

Courts have repeatedly denied Rule 12(b)(6) motions to dismiss when plaintiffs have alleged they received the same recorded message more than once, including courts in this District. *See Husain v. Bank of Am., N.A.,* No. 18 CV 7646, 2020 WL 777293, at *2 (N.D. Ill. Feb. 18, 2020) (denying motion to dismiss where "calls were made with a pre-recorded voice, leaving the exact same message with the same voice"); *Dendy v. Chartrand,* No. 18-CV-1118-WPJ, 2019 WL 719762, at *3 (D.N.M. Feb. 20, 2019) (denying motion to dismiss "because the calls contained prerecorded messages" and "contained the same message"); *Abramson v. Caribbean Cruise Line, Inc*., No. 2:14-CV-00435, 2014 WL 2938626, at *4 (W.D. Pa. June 30, 2014) (denying motion to dismiss where "Plaintiff alleges that he called the number back later that day and heard the same prerecorded message").

These facts are more than sufficient to put Tax Advocate on notice of the claims against it. *See, e.g., Neptune v. Whetstone Partners, LLC*, 34 F.Supp.3d 1247, 1250 (S.D. Fla. 2014) (finding sufficient allegations that calls were prerecorded where *inter alia* Defendant called Plaintiff on numerous occasions several times per day, with generic content messages such as a prerecorded voice reminding Plaintiff that his payment was due); *see also Sojka v. DirectBuy, Inc.,* 35 F. Supp. 3d 996, 1003 (N.D. Ill. 2014) ("The complaint describes in detail five voicemails left for the Sojkas by DirectBuy from August 2012 to November 2012."). Tax Advocate Group nevertheless claims Plaintiff's Complaint does not provide sufficient notice of Plaintiff's pre-recorded call claim, relying on a handful of distinguishable cases, none of which dictate a different result.

Mr. Reents, by transcribing the identical pre-recorded message left on his voicemail, has done far more than generically allege that Defendant "left pre-recorded messages on his cellular phone," without "anything else about the circumstances of a call or message." *See Johansen v. Vivant, Inc*., No. 12 C 7159, 2012 WL 6590551, at *3, *9 (N.D. Ill., Dec. 18, 2012). Mr. Reent's complaint does not contain a statement that "simply accuses Defendant of making '[h]ar[]assing calls to my cellular phone in violation of the TCPA'" as the *pro se* complaint did in *Wallack v. Mercantile Adjustments Bureau, Inc.,* No. 14-10387, 2014 U.S. Dist. LEXIS 53833, at *4 (E.D. Mich. Apr. 18, 2014).[2] Instead, it has detailed allegations regarding the pre-recorded message and other individuals who have complained about the same message. Indeed, as the Defendant states a plaintiff must in a TCPA case relying on *Wallack*, Mr. Reents has (1) identified number of calls received (two) (2) the dates of those calls (October 4 and 14, 2021) and (3)

---

[2] Similarly, in *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014), also relied on by the Defendant, "the Amended Complaint says nothing about the calls Trumper received, save that the caller was looking for Enid Gonzales."

5

circumstances that support the inferenced that a pre-recorded voice was used (he pled the entire pre-recorded message and cited multiple sources of consumers who complained about receiving the same recorded message). *See* ECF No. 8 at *9 (Defendant's discussion of *Wallack*).

Similarly, Mr. Reents does not "allege[] that the calls he received…used a pre-recorded solicitation without further detail" as the plaintiff did in *Moore v. CHW Grp., Inc.,* No. 18-CV-6960, 2019 U.S. Dist. LEXIS 119161, at *5 (N.D. Ill. July 17, 2019). Mr. Reents has identified the entire pre-recorded message and identified other individuals who received the same all. Indeed, as Judge Tharp recently held when rejecting the application of *Moore* to a similar circumstance that is present here, "to be sure, Marshall alleges simply: 'All or more of the calls to Plaintiff's cell phone included a robotic or prerecorded voice, and many of these calls left voice mails.' Compl. ¶ 11. But the screenshots of the voicemail transcription, included in the complaint, shed additional light on the nature of the calls." *Marshall v. Grubhub Inc.,* No. 19-cv-3718, 2021 U.S. Dist. LEXIS 184291, at *10 (N.D. Ill. Sep. 27, 2021). As discussed above, there is a transcript of the pre-recorded messages that identifies calls being made to "all US citizens on our state list" as well as other individuals complaining about the same calls in the same time frame. This is more than a reasonable inference that the calling was done *en masse* using a pre-recorded voice, as alleged.

### 2. If the Plaintiff is Required to Plead More Detail, He Should be Permitted Leave to Amend.

Mr. Reents has pled the pre-recorded message that was left on his cellular telephone in its entirety. As such, the Defendant is on more than adequate notice of the claim levied against it. However, if this Court believes that more information is required, the Plaintiff should be permitted to file an amended complaint. *See Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997) (In

the event the court finds that dismissal is warranted, the court should grant the Plaintiffs leave to amend unless amendment would be futile.) Indeed, this is also the holding in the cases cited by the Defendant. *See Johansen v. Vivant, Inc*., No. 12 C 7159, 2012 WL 6590551 (N.D. Ill., Dec. 18, 2012).

## CONCLUSION

For the reasons stated above, the Defendant's motion should be denied.

>PLAINTIFF,
>By his attorney
>
>*/s/ Anthony I. Paronich*
>Anthony I. Paronich
>Paronich Law, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>(508) 221-1510
>anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2022, I electronically served the foregoing on counsel of record for the parties by filing the document through the Court's CM/ECF system.

>*/s/ Anthony I. Paronich*
>Anthony I. Paronich