**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALEXANDER REENTS, on behalf of himself and others similarly situated, | Case No. 1:21-cv-06235 |
| Plaintiff, | Honorable Manish S. Shah |
| v. | |
| TAX ADVOCATE GROUP, LLC, | |
| Defendant. | |

## DEFENDANT TAX ADVOCATE GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Tax Advocate Group, LLC ("TAG" or "Defendant"), by and through its counsel, and for its Answer to Plaintiff's Class Action Complaint, states as follows:

## NATURE OF ACTION

1.      As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**Answer:**      Defendant admits that Plaintiff purports to interpret or paraphrase the TCPA, but denies that Plaintiff has any such claims.  Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA, and denies the remaining allegations in this paragraph, if any.

2.      This case involves a campaign by Tax Advocate Group, LLC ("Tax Advocate") to market its tax consolidation services through the use of a telemarketing campaign, including telephone calls involving pre-record messages, despite not having the requisite consent to contact those individuals.

**Answer:**      Defendant admits that Plaintiff's Complaint purports to allege Defendant engaged in a telemarketing campaign, but denies that any violations occurred, denies that Plaintiff or any other alleged individuals have incurred an injury in fact, and denies that Plaintiff is entitled to any relief.  Defendant denies all remaining allegations contained in this paragraph.

3.      In addition to violating the TCPA, the telemarketing campaign engaged in by Tax Advocate also violated 815 ILCS 305, the Illinois Automatic Telephone Dialers Act when it used a pre-recorded message.

**Answer:**      Defendant admits that Plaintiff's Complaint purports to allege violations of the TCPA and Illinois Automatic Telephone Dialers Act ("ATDA"), but denies that any such violations occurred, denies that Plaintiff or any other alleged individuals have incurred an injury in fact, and denies that Plaintiff is entitled to any relief.  Defendant denies all remaining allegations contained in this paragraph.

4.      Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

**Answer:**      Defendant admits that Plaintiff's Complaint purports to allege violations of the TCPA and ATDA on behalf of Plaintiff and a putative nationwide class of unknown persons, but denies that any such violations occurred, denies that Plaintiff or any other alleged individuals

have incurred an injury in fact, denies that Plaintiff is entitled to any relief, and denies that a class exists. Defendant denies all remaining allegations contained in this paragraph.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Answer:** Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA and the Federal Rules of Civil Procedure, but denies that Plaintiff has any such claims or that a class action is appropriate here. Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA and Fed. R. Civ. P 23. Defendant denies all remaining allegations contained in the above paragraph.

## PARTIES

6. Plaintiff Alexander Reents is an individual citizen and resident of this District.

**Answer:** Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

7. Defendant Tax Advocate Group, LLC is a Wyoming corporation with a principal place of business in Studio City, CA.

**Answer:** Admit.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

**Answer:** Subject to its affirmative defenses, Defendant admits that Plaintiff purports to bring claims pursuant to the TCPA, and that this Court could therefore have general jurisdiction

over claims arising under 28 U.S.C. § 1331.  Defendant, however, denies that Plaintiff has any such claims.

9.      Tax Advocate is subject to specific personal jurisdiction because it made telemarketing calls to the Plaintiff by directing its conduct into this District.

**Answer:**      Subject to its affirmative defenses, Defendant admits that Plaintiff purports to bring claims pursuant to the TCPA and that this Court could therefore have jurisdiction over claims arising out of telemarketing calls allegedly placed to Plaintiff.  Defendant, however, denies that Plaintiff has any such claims.

10.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing solicitations that are the subject of this putative class action lawsuit.

**Answer:**      Defendant lacks knowledge or information sufficient to form a belief regarding the truth of where Plaintiff resides.  Notwithstanding Defendant's lack of knowledge, and subject to its affirmative defenses, Defendant does not contest venue.

## TCPA BACKGROUND

11.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**Answer:**      Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA but denies that Plaintiff and/or any other individuals have any such claims. Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA.

The TCPA Prohibits Automated Telemarketing Calls

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA but denies that Plaintiff and/or any other individuals have any such claims. Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA.

13.     Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA and related federal regulations, but denies that Plaintiff and/or any other individuals have any such claims.  Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA and the cited federal regulations.

14.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

**Answer:**    Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA and related federal regulations, but denies that Plaintiff and/or any other individuals have any such claims.  Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA and the cited federal regulations.

15.    "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

**Answer:**    Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA and related federal regulations, but denies that Plaintiff and/or any other individuals have any such claims.  Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA and the cited federal regulations.

16.    Under the TCPA, the burden is on the seller to have obtained and documented, and to prove, prior express written consent.

**Answer:**    The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Therefore, Defendant denies those allegations.

///

## ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT

17.     In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the ATDA but denies that Plaintiff and/or any other individuals have any such claims.  Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the ATDA.

18.     The ATDA provides for treble actual damages, statutory damages of $500 per violation, and costs and reasonable attorneys' fees. 815 ILCS 305/30(c).

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the ATDA but denies that Plaintiff and/or any other individuals have any such claims.  Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the ATDA.

19.     Passage of the 2013 amendments to the ATDA providing for statutory damages, as invoked here, was unanimous in the Illinois legislature.

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the ATDA but denies that Plaintiff and/or any other individuals have any such claims.  Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the ATDA.

## FACTUAL ALLEGATIONS

20.     Defendant Tax Advocate is a "person" as the term is defined by 47 U.S.C. § 153(39).

**Answer:** Defendant states that 47 U.S.C. § 153 speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent, misrepresent, misquote, or mischaracterize its contents.

21. The Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendant denies those allegations.

Calls to Plaintiff

22. Plaintiff's telephone number, 630-XXX-1481, is a cellular telephone line.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendant denies those allegations.

23. Mr. Reents received telemarketing calls from Tax Advocate on October 4 and 14, 2021 to that line.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendant denies those allegations.

24. The calls utilized the following pre-recorded message:

Hello my name is Mary Fletcher state number FF694 this is our notification call from our Department of tax debt and financial settlement services the purpose of this call is to inform all US citizens on our state list about the new tax debt compromise program…

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendant denies those allegations.

25. The calls informed the Plaintiff to call back (866) 489-2459.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendant denies those allegations.

26.     Other individuals have made complaints about receiving calls from that number. *See* https://800notes.com/Phone.aspx/1-866-489-2459; https://www.callercenter.com/866-489-2459.html (Last Visited November 16, 2021).

**Answer:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies those allegations.

27.     To identify the company calling, the Plaintiff contacted the phone number.

**Answer:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

28.     The Plaintiff spoke to Alex Miller who advertised tax consolidation services offered by the Defendant.

**Answer:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

29.     Confirming the solicitation nature of the call, Mr. Reents also spoke to Mr. Miller's supervisor, Logan Murphy.

**Answer:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies those allegations.

30.     Mr. Murphy then sent a text message to Mr. Reents confirming they spoke.

**Answer:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

31.    The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for tax resolution services.

**Answer:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations. The remaining allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies those allegations.

32.    These calls therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

**Answer:**    Defendant states that 47 C.F.R. § 64.1200 speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent, misrepresent, misquote, or mischaracterize its contents.  Defendant denies the remaining allegations in this paragraph.

33.    Plaintiff and all members of the classes defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls and text messages that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

**Answer:**    Defendant denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

34.    As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

**Answer:**    Defendant admits Plaintiff seeks to represent putative classes but denies Plaintiff is entitled to class certification, denies such relief is proper, and denies any class can be certified.  Defendant denies any remaining allegations in the above paragraph.

35.     The classes of persons Plaintiff proposes to represent are tentatively defined as:

PRERECORDED CLASS

All persons within the United States to whom: (a) Defendant or a third party acting on its behalf, made one or more telephone calls promoting its goods and/or services; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

IL ATDA SUBCLASS

All Illinois residents to whom: (a) Defendant and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

**Answer:**     Defendant admits Plaintiff seeks to represent putative classes but denies Plaintiff is entitled to class certification, denies such relief is proper, and denies any class can be certified. Defendant denies any remaining allegations in the above paragraph.

36.     Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**Answer:**     Defendant admits Plaintiff seeks to represent putative classes but denies Plaintiff is entitled to class certification, denies such relief is proper, and denies any class can be certified. Defendant denies any remaining allegations in the above paragraph.

37.     The classes as defined above are identifiable through phone records and phone number databases.

**Answer:**     Defendant denies the allegations in the above paragraph.

38.     The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

**Answer:**     Defendant denies the allegations in the above paragraph.

39.     Plaintiff is a member of the classes.

**Answer:**     Defendant denies the allegations in the above paragraph.

40.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   a.   Whether Defendant's calls are solicitations;

   b.   Whether Defendant made calls using a prerecorded voice;

   c.   Whether Defendant placed calls without obtaining the recipients' prior express written consent for the call; and

   d.   Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

**Answer:**     Defendant denies the allegations in the above paragraph.

41.     Plaintiff's claims are typical of the claims of class members.

**Answer:**     Defendant denies the allegations in the above paragraph.

42.     Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**Answer:**     Defendant denies the allegations in the above paragraph.

43.     The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

**Answer:**     Defendant denies the allegations in the above paragraph.

44.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

> **Answer:** Defendant denies the allegations in the above paragraph.

45. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

> **Answer:** Defendant denies the allegations in the above paragraph.

## Legal Claims

### Count One

### Violation of the TCPA's Automated Telemarketing Call Provisions

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

> **Answer:** Defendant admits that Plaintiff purports to incorporate the preceding paragraphs of the Complaint.

47. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or having one of its vendors initiate on its behalf, a call that includes an advertisement or constitutes telemarketing to the Plaintiff's cellular telephone number using a pre-recorded voice without his prior express written consent.

> **Answer:** Defendant denies the allegations in the above paragraph. Further, Defendant specifically denies that it is liable to Plaintiff or to any classes of persons for any claim described in the Complaint and denies that they are entitled to damages.

48. Defendant's violations were negligent and/or willful.

**Answer:**       Defendant denies the allegations in the above paragraph.    Further, Defendant specifically denies that it is liable to Plaintiff or to any classes of persons for any claim described in the Complaint and denies that they are entitled to damages.

<strong>Count Two</strong>

<strong>Violations of the ATDA, 815 ILCS 305/1 <em>et seq.</em></strong>

49.      Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

**Answer:**       Defendant admits that Plaintiff purports to incorporate the preceding paragraphs of the Complaint.

50.      The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

**Answer:**       Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the ATDA but denies that Plaintiff and/or any other individuals have any such claims.   Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the ATDA.

51.      Defendant did not have the consent of Plaintiff or the other members of the IL ATDA Sub-Class to play a prerecorded message placed by an autodialer.

**Answer:**       Defendant denies the allegations in the above paragraph.

52.      Nonetheless, Defendant called the phones of Plaintiff and the other members of the IL ATDA Sub-Class using a telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message.

No human being physically dialed each digit of Plaintiff's or the other IL ATDA Sub-Class members' phone numbers to connect their telephones with a recorded message.

**Answer:** Defendant denies the allegations in the above paragraph. Further, Defendant specifically denies that it is liable to Plaintiff or to any classes of persons for any claim described in the Complaint and denies that they are entitled to damages.

53. Consequently, Defendant violated the ATDA by playing a prerecorded message placed by an autodialer during calls to the phones of Plaintiff and the other IL ATDA Sub-Class members, without such persons' consent, or by the fact that others did so on its behalf.

**Answer:** Defendant denies the allegations in the above paragraph. Further, Defendant specifically denies that it is liable to Plaintiff or to any classes of persons for any claim described in the Complaint and denies that they are entitled to damages.

54. As a result of Defendant's conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the IL ATDA Sub-Class were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

**Answer:** Defendant denies the allegations in the above paragraph. Further, Defendant specifically denies that it is liable to Plaintiff or to any classes of persons for any claim described in the Complaint and denies that they are entitled to damages.

## RELIEF SOUGHT

For himself and all members of the Classes, Plaintiff requests the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D.   A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.   An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F.   An award to Plaintiff and the Classes of damages, as allowed by law;

G.   Leave to amend this Complaint to conform to the evidence presented at trial; and

H.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Answer:**   Defendant denies that Plaintiff or any of the putative classes are entitled to any of the relief prayed for in the Complaint.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**Answer:**   Defendant admits that Plaintiff demands a jury trial on all triable issues. Defendant objects to a jury trial on any claims for equitable relief and all other issues to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, Defendant alleges the following affirmative defenses.

///

///

16

**First Affirmative Defense**

**(Prior Express Consent)**

The Complaint and the causes of action therein are barred to the extent that Plaintiff provided prior express consent for the alleged calls.

**Second Affirmative Defense**

**(Prior Express Invitation or Permission)**

The Complaint and the causes of action therein are barred to the extent that Plaintiff provided prior express invitation or permission for the alleged calls.

**Third Affirmative Defense**

**(Established Business Relationship)**

The Complaint and the causes of action therein are barred to the extent that Plaintiff made an inquiry or application within the three months immediately preceding the date of the alleged calls and the relationship was not terminated.

**Fourth Affirmative Defense**

**(Good Faith and Bona Fide Error)**

The Complaint and the causes of action therein are barred because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

**Fifth Affirmative Defense**

**(Unconstitutional Content-Based Restriction on Speech)**

The TCPA's prohibitions on calls made using an ATDS or an artificial or prerecorded voice contravene the First Amendment because they are content-based restrictions on speech.

///

**Sixth Affirmative Defense**

**(Unconstitutional Vagueness and Overbreadth)**

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

**Seventh Affirmative Defense**

**(Excessive Penalties, Due Process)**

The statutory penalties sought by Plaintiff and members of any putative class are excessive and thus violate the Due Process Clause of the United States Constitution, and the Due Process provision of the United States Constitution.

**Eighth Affirmative Defense**

**(Bad Faith/Unclean Hands)**

Plaintiff and his agents, if any, acted in bad faith and with unclean hands based on all relevant facts, law, and circumstances known by them. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**Ninth Affirmative Defense**

**(Waiver and Estoppel)**

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel.

///

///

///

18

**Tenth Affirmative Defense**

**(Comparative Fault)**

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**Eleventh Affirmative Defense**

**(Third-Party Acts)**

Any alleged injury or damage sustained by Plaintiff or members of any putative class were caused, in whole or in part, by the conduct of third parties (i) who were not acting as Defendant's agents, and/or (ii) which was not ratified by Defendant.  Moreover, there is no vicarious liability as to Defendant.

**Twelfth Affirmative Defense**

**(Indemnity and Contribution)**

Defendant cannot be held liable for any of Plaintiff's damages pursuant to an indemnity and contribution agreement.

**Reservation of Rights**

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled, or which may be developed in the course of discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

///

## **PRAYER**

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought, and denies that any class can be certified here.  Defendant respectfully requests that the Court:

1. Dismiss the Complaint with prejudice and enter judgment for Tax Advocate Group, LLC;

2. Dismiss the class claims;

3. Award Defendant its expenses incurred in defending this action, including but not limited to its attorneys' fees and costs; and

4. Grant such other and further relief as the Court deems just and proper.

DATED:  May 19, 2022                            Respectfully submitted,

**TAX ADVOCATE GROUP, LLC**


By:     */s/ Kevin J. Cole*_____
         Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
         KJC LAW GROUP, A.P.C.
         9701 Wilshire Blvd., Suite 1000
         Beverly Hills, CA 90212
         Telephone: (310) 861-7797
         Facsimile: (818) 994-9200

         *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Kevin J. Cole, an attorney, certify that I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiff's Class Action Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on this 19th day of May, 2022.

By: */s/ Kevin J. Cole*
Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
KJC LAW GROUP, A.P.C.