**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALEXANDER REENTS, on behalf of himself and others similarly situated, | Case No. 1:21-cv-06235 |
| Plaintiff, | Honorable Manish S. Shah |
| v. | |
| TAX ADVOCATE GROUP, LLC, | |
| Defendant. | |

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Tax Advocate Group, LLC ("Defendant" or "TAG") hereby responds to Plaintiff Alexander Reents' ("Plaintiff") First Set of Interrogatories as follows:

## I. PRELIMINARY STATEMENT

These objections and/or responses are made to the best of Defendant's present knowledge, information, and belief, and are made without prejudice to Defendant's right to produce additional relevant evidence and information that may come to light regarding the issues raised in this action, and/or to supplement these objections and/or responses. Defendant continues its investigation in this action. Without in anyway obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify, or further explain these responses at any time in the future, and to make use of, rely on, or introduce at any hearing any subsequently discovered information or documents, or information or documents omitted from these responses as a result of mistake, error, oversight, or inadvertence. If any party subsequently asserts an interpretation of any request or interrogatory that differs from Defendant's current understanding of the request or interrogatory,

1

Defendant reserves the right to supplement its objections, responses, or both. In addition to all other rights that the appropriate procedural and evidentiary rules provide, these responses are made without waiving any pertinent objections regarding any subsequent evidentiary use of these responses, or any documents produced pursuant to these responses, including (without limitation) any objections as to the admissibility, relevance, or materiality.

No incidental or implied admissions are intended by these objections and/or responses. The fact that Defendant has objected and/or responded to any request or interrogatory, or part thereof, shall not be deemed an admission that Defendant accepts or admits that these requests or interrogatories are proper, the existence of any facts set forth or assumed by such request or interrogatory, or that the response or objection constitutes admissible evidence. The fact that Defendant has objected and/or responded to part or all of any request or interrogatory is not intended to be, and shall not be construed as, a waiver by Defendant of any objection to any request or interrogatory or admission that the requests or interrogatories are proper.

## II. **GENERAL OBJECTIONS**

Subject to and without waiving the foregoing, in addition to any specific objections that may be made to the separate requests or interrogatories set forth below, Defendant objects generally to each request or interrogatory as follows:

Defendant objects to any request or interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. To the extent that any request or interrogatory can be construed as seeking information subject to such privilege and/or doctrine, Defendant hereby asserts such privilege and/or invokes the work-product doctrine.

Defendant also objects to any request or interrogatory to the extent that it seeks information containing protected confidential, sensitive, proprietary, or trade secret information. To the extent that any request or interrogatory can be construed as seeking information protected by a right or duty not to disclose confidential, sensitive, proprietary, or trade secret information, Defendant hereby invokes such right or duty.

Defendant also objects to any request or interrogatory to the extent that it is overly broad, unduly burdensome, vague, and unintelligible and seeks information that is duplicative of materials or information previously requested and/or produced, irrelevant, and not proportional to the needs of the case.

Defendant also objects to any request or interrogatory to the extent that it calls for the disclosure of information or documents that are not in Defendant's possession, custody, or control. Defendant also objects to any request or interrogatory to the extent that it requires Defendant to disclose information equally available to Plaintiff from other sources or from the public domain. Defendant specifically incorporates each of these general objections into the specific objections and/or responses set forth below, and each response is made subject to and without waiving such objections. Defendant may repeat a general objection for emphasis or for some other reason. The failure to repeat any general objection does not waive any general objection to the request or interrogatory.

### III. OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY:

1.      Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

///

3

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant also objects on the grounds this interrogatory is unduly burdensome and seeks information irrelevant to this action. Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows: Jonathan Pineda, Defendant's Manager.

**INTERROGATORY:**

2.    Identify all employees involved in making outbound calls promoting your goods and services. This includes, but is not limited to, any calls made to acquire new customers.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory because it is overbroad, irrelevant, and unduly burdensome. *See*, *e.g.*, *BankDirect Cap. Fin., LLC v. Capital Premium Financing, Inc.*, No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. 2018) ("Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process."); *Hills v. AT&T Mobility Services, LLC*, No. 3:17-CV-556-JD-MGG, 2021 WL 3088629, at *4 (N.D. Ind. 2021) ("[W]hen the discovery request is overly broad or relevancy is not apparent, the requesting party must establish relevancy"); *Vakharia v. Swedish Covenant Hosp.*, No. 90 C 6548, 1994 WL 75055, at *2 (N.D. Ill. 1994) ("The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts—and no more.").

First, this interrogatory is overbroad because the term "promoting your goods and services" could have many meanings related to many different activities, and it is unclear what Plaintiff is seeking, specifically. Second, this interrogatory is irrelevant because Plaintiff's claim does not

bear on which of Defendant's employees allegedly made "outbound calls," only that certain "outbound calls" were allegedly made. Third, this interrogatory is unduly burdensome because it demands that Defendant state which of its employees made "outbound calls" over a four-year period.

**SUPPLEMENTAL ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Alex Miller, Logan Murphy, Therron Spencer, and Jonathan Pineda.

**INTERROGATORY:**

3. Identify and describe the work of each employee.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory because it is overbroad, irrelevant, and unduly burdensome. *See*, *e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2. Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows: Defendant employs sales associates and customer service representatives in connection with its tax resolution services.

**SUPPLEMENTAL ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant offers tax resolution services, which include guiding clients through IRS tax audits, negotiating tax settlements with the IRS, filing back taxes, navigating through and lifting bank levies, preventing wage garnishments, and negotiating unpaid payroll taxes. In connection with offering

these services, Defendant's customer service representatives make phone calls to existing or prospective clients who request to be contacted.

**INTERROGATORY:**

4.     Identify all vendors involved in making outbound calls promoting your goods. This includes, but is not limited to, any calls made to acquire new customers.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory because it is overbroad and unduly burdensome. *See*, *e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2. First, this interrogatory is overbroad because the term "promoting your goods" could have many meanings related to many different activities, and it is unclear what Plaintiff is seeking, specifically (e.g., Defendant does not sell "goods"; if offers tax resolution services). Second, this interrogatory is unduly burdensome because it demands that Defendant provide unspecified (and unclear) vendor information over a four-year period. Defendant agrees to meet and confer with Plaintiff to reasonably limit the scope of this request, for example, by providing vendor information, if any, for the call Plaintiff alleges he received.

**SUPPLEMENTAL ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant does not hire vendors to make outbound calls; Defendant's employees make and receive calls to and from existing and prospective customers.

**INTERROGATORY:**

5.     Identify and describe the work of each vendor.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory by incorporating its objections to Interrogatory No. 4. To the extent Plaintiff agrees to meet and confer with Defendant to limit the scope of Interrogatory No. 4, Defendant will provide vendor information, if any, for the call Plaintiff alleges he received. However, Defendant will likely be unable to describe any particular vendor's "work," as that is information outside of Defendant's possession, knowledge, custody, or control (and is better directed to the specific vendor, if any).

**SUPPLEMENTAL ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant does not hire vendors to make outbound calls; Defendant's employees make and receive calls to and from existing and prospective customers.

**INTERROGATORY:**

6.      Identify all third parties or sub-vendors used by your vendors for you.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory by incorporating its objections to Interrogatory No. 4. To the extent Plaintiff agrees to meet and confer with Defendant to limit the scope of Interrogatory No. 4, Defendant will provide vendor information, if any, for the call Plaintiff alleges he received. However, Defendant will likely be unable to identify "all third parties or sub-vendors used by" any vendor Defendant hired, if any, as that is information outside of Defendant's possession, knowledge, custody, or control (and is better directed to the specific vendor, if any).

**INTERROGATORY:**

7.      Identify each employee or vendor of yours that contacted the Plaintiff.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows: Alex Miller and Logan Murphy, neither of whom currently work for Defendant.

**SUPPLEMENTAL ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Alex Miller; Logan Murphy; Therron Spencer; and Jonathan Pineda.

Defendant does not have Mr. Miller's contact information, as Mr. Miller no longer works for Defendant.

Defendant's prior response inadvertently stated that Mr. Murphy no longer works for Defendant; he is currently employed by Defendant, and may be contacted through Defendant's counsel of record.

Ms. Spencer may be contacted through Defendant's counsel of record.

Mr. Pineda may be contacted through Defendant's counsel of record.

**INTERROGATORY:**

8.      If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

///

///

8

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows: On information and belief, to the extent any vendor of Defendant contacted Plaintiff, Defendant believes its vendor obtained prior express written consent from Plaintiff. As stated above, to the extent Plaintiff agrees to meet and confer with Defendant to limit the scope of Interrogatory No. 4, Defendant will provide vendor information, if any, for the call Plaintiff alleges he received.

**SUPPLEMENTAL ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant does not engage in phone solicitation; it only makes telephone calls to individuals who either (1) are existing customers of Defendant who wish (and need to be) contacted so that Defendant can provide the services for which those customers have paid, or (2) contact Defendant seeking information about Defendant's services, and who request that Defendant call them back. In the case of Mr. Reents, he initiated contact with Defendant on or about October 14, 2021, requesting that Defendant call him to discuss its services.

**INTERROGATORY:**

9. Identify your company's relationship with any company that provided you with the Plaintiff's information or information related to the Plaintiff's telephone number.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows: On

information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number.

**SUPPLEMENTAL ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant received Mr. Reents' contact information from Skyline Marketing c/o Ara Avakian (818.261.6363; araskyline@gmail.com & ara.avakian@yahoo.com). Defendant hired Skyline to market its services online.

**INTERROGATORY:**

10.     Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to make any calls made to acquire new customers or collect premiums or debts related to payments.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory because it is overbroad and unduly burdensome. *See*, *e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2. Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows: Defendant uses Ring Central telephones to contact its customers.

**INTERROGATORY:**

11.     State all facts in support of any affirmative defenses you have raised.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory because it is overbroad and unduly burdensome. *See*, *e.g.*,

*BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2. Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows:

**First Affirmative Defense (Prior Express Consent)**

On information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number. On further information and belief, to the extent any vendor of Defendant contacted Plaintiff, Defendant believes its vendor obtained prior express written consent from Plaintiff.

**Second Affirmative Defense (Prior Express Invitation or Permission)**

On information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number. On further information and belief, to the extent any vendor of Defendant contacted Plaintiff, Defendant believes its vendor obtained prior express written consent from Plaintiff.

**Third Affirmative Defense (Established Business Relationship)**

On information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number. Defendant contacted Plaintiff at his request only, and Defendant communicated with Plaintiff due solely to his desire to receive tax resolution services from Defendant.

**Fourth Affirmative Defense (Good Faith and Bona Fide Error)**

Defendant does not engage in unsolicited telemarketing practices. Instead, it contacts prospective and actual customers—like Plaintiff—who request to be contacted in order to learn about or receive tax resolution services from Defendant.

///

**Fifth Affirmative Defense (Unconstitutional Content-Based Restriction on Speech)**

This is a legal defense. To the extent Plaintiff seeks any facts in connection with this affirmative defense, Defendant objects because the interrogatory calls for a legal conclusion.

**Sixth Affirmative Defense (Unconstitutional Vagueness and Overbreadth)**

This is a legal defense. To the extent Plaintiff seeks any facts in connection with this affirmative defense, Defendant objects because the interrogatory calls for a legal conclusion.

**Seventh Affirmative Defense (Excessive Penalties, Due Process)**

This is a legal defense. To the extent Plaintiff seeks any facts in connection with this affirmative defense, Defendant objects because the interrogatory calls for a legal conclusion.

**Eighth Affirmative Defense (Bad Faith/Unclean Hands)**

On information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number. Defendant contacted Plaintiff at his request only, and Defendant communicated with Plaintiff due solely to his desire to receive tax resolution services from Defendant. Plaintiff sought out Defendant and specifically requested Defendant contact him.

**Ninth Affirmative Defense (Waiver and Estoppel)**

On information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number. Defendant contacted Plaintiff at his request only, and Defendant communicated with Plaintiff due solely to his desire to receive tax resolution services from Defendant. Plaintiff sought out Defendant and specifically requested Defendant contact him.

///

///

**Tenth Affirmative Defense (Comparative Fault)**

On information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number. Defendant contacted Plaintiff at his request only, and Defendant communicated with Plaintiff due solely to his desire to receive tax resolution services from Defendant. Plaintiff sought out Defendant and specifically requested Defendant contact him.

**Eleventh Affirmative Defense (Third-Party Acts)**

On information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number.

**Twelfth Affirmative Defense (Indemnity and Contribution)**

On information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number.

**INTERROGATORY:**

12. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized outbound calls to occur. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory because it is overbroad and unduly burdensome. *See*, *e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2. Subject to and without waiving any of its objections, Defendant responds

to this interrogatory as follows: Because any employee of Defendant who makes an outbound call has no reason to know he or she is calling a "no-call list number," Defendant does not reprimand its employees for making phone calls to customers. Defendant does not engage in unsolicited telemarketing practices. Instead, it contacts prospective and actual customers—like Plaintiff— who request to be contacted in order to learn about or receive tax resolution services from Defendant. Defendant, however, does reprimand any employee who contacts a "no-call list number"—or a number to which they are told not to contact—first by providing a warning to that employee and later, if the conduct is unabated, terminating that employee.

**<u>SUPPLEMENTAL ANSWER:</u>**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: any reprimands given to employees who contact a "no-call list number" (or a number to which they are told not to contact) are oral in nature.

///

///

///

///

///

///

///

///

///

///

**INTERROGATORY:**

13.     In response to which (if any) requests for production in this case have you produced no responsive documents?

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant specifically objects because this information is equally available to Plaintiff, and because interrogatories cannot be used as a substitute for document requests.

DATED:  August 12, 2022                          Respectfully submitted,

                                                 **TAX ADVOCATE GROUP, LLC**


                                        By:      */s/ Kevin J. Cole*
                                                 Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
                                                 KJC LAW GROUP, A.P.C.
                                                 9701 Wilshire Blvd., Suite 1000
                                                 Beverly Hills, CA 90212
                                                 Telephone: (310) 861-7797
                                                 Facsimile: (818) 994-9200

                                                 *Attorneys for Defendant*

## **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS**

Defendant Tax Advocate Group, LLC ("Defendant" or "TAG") hereby responds to Plaintiff Alexander Reents' ("Plaintiff") First Set of Document Requests as follows:

## I. **PRELIMINARY STATEMENT**

These objections and/or responses are made to the best of Defendant's present knowledge, information, and belief, and are made without prejudice to Defendant's right to produce additional relevant evidence and information that may come to light regarding the issues raised in this action, and/or to supplement these objections and/or responses. Defendant continues its investigation in this action. Without in anyway obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify, or further explain these responses at any time in the future, and to make use of, rely on, or introduce at any hearing any subsequently discovered information or documents, or information or documents omitted from these responses as a result of mistake, error, oversight, or inadvertence. If any party subsequently asserts an interpretation of any request that differs from Defendant's current understanding of the request, Defendant reserves the right to supplement its objections, responses, or both. In addition to all other rights that the appropriate procedural and evidentiary rules provide, these responses are made without waiving any pertinent objections regarding any subsequent evidentiary use of these responses, or any documents produced pursuant to these responses, including (without limitation) any objections as to the admissibility, relevance, or materiality.

No incidental or implied admissions are intended by these objections and/or responses. The fact that Defendant has objected and/or responded to any request, or part thereof, shall not be deemed an admission that Defendant accepts or admits that these requests are proper, the existence

16

of any facts set forth or assumed by such request, or that the response or objection constitutes admissible evidence. The fact that Defendant has objected and/or responded to part or all of any request is not intended to be, and shall not be construed as, a waiver by Defendant of any objection to any request that the requests are proper.

## II. <u>GENERAL OBJECTIONS</u>

Subject to and without waiving the foregoing, in addition to any specific objections that may be made to the separate requests set forth below, Defendant objects generally to each request as follows:

1. Defendant objects to each of the requests to the extent that they are overbroad, irrelevant, and not proportional to the needs of the case, particularly to the extent they purport to require the production of "all" documents or "all" communications on a given subject.

2. Defendant objects to each of the requests to the extent that they seek information that is protected from discovery or disclosure by the work product doctrine, the attorney-client privilege, or any other constitutional, statutory, or judicially recognized privilege, immunity, right of confidentiality or other protection from discovery or disclosure.

3. Defendant objects insofar as the requests seek information that is irrelevant to the subject matter of the pending litigation.

4. Defendant objects to the instructions and definitions in the requests on the ground that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and harassing; and to the extent that they seek to impose obligations and demands on Defendant beyond those contemplated by the Federal Rules of Civil Procedure, Local Rules, and Court Order.

5. Defendant objects to each of the requests to the extent that they seek Defendant's confidential or proprietary information, or the confidential information of third-parties, and

confidential information about Defendant's operations and sales. Any such production by Defendant is conditional upon the Court's entry of a stipulated Protective Order and will be subject to the terms thereof.

6. Defendant objects to the instructions to the extent they require searching or producing metadata and to the extent they purport to require production in a specified format. Defendant objects, at this time, to producing documents in native format and/or always searching or producing metadata. Those requirements may be appropriate for certain requests, but would be unduly burdensome and disproportionate to the needs of the case for other requests.

7. Defendant objects to each of the requests to the extent that the burden or expense of responding to such request outweighs the benefit of such discovery, and is disproportional to the needs of the case considering the issues at stake at this stage of the proceedings.

8. Defendant objects insofar as the requests are vague and overbroad as to time.

9. The responses provided herein, and all information provided by Defendant in response to Plaintiff's requests, are based on information known at this time, and are made without prejudice to Defendant's right to amend or supplement these responses, as necessary.

### III. OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST**

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such non-privileged documents in its possession, custody, or control.

**DOCUMENT REQUEST**

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this request because it is overbroad, irrelevant, and unduly burdensome. *See*, *e.g.*, *BankDirect Cap. Fin., LLC v. Capital Premium Financing, Inc.*, No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. 2018) ("Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process."); *Hills v. AT&T Mobility Services, LLC*, No. 3:17-CV-556-JD-MGG, 2021 WL 3088629, at *4 (N.D. Ind. 2021) ("[W]hen the discovery request is overly broad or relevancy is not apparent, the requesting party must establish relevancy"); *Vakharia v. Swedish Covenant Hosp.*, No. 90 C 6548, 1994 WL 75055, at *2 (N.D. Ill. 1994) ("The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts—and no more.").

In addition, on information and belief, Defendant received Plaintiff's phone number from an online advertiser to whom Plaintiff voluntarily provided his phone number. On further information and belief, to the extent any vendor of Defendant contacted Plaintiff, Defendant believes its vendor obtained prior express written consent from Plaintiff. Defendant objects because it has no obligation to obtain records from nonparty independent contractors and/or vendors. *See Nosal v. Granite Park LLC*, 269 F.R.D. 284, 290 (S.D. N.Y. 2010) (determining that the defendant hotel would not be required to produce documents in the possession of the vendor it had hired to refinish the hotel bathroom because hotel did not control the vendor); *Estate of Young*

*Through Young v. Holmes*, 134 F.R.D. 291, 294 (D Nev. 1991) (a party is not in "control" of records that the requesting party has equal ability to obtain from public sources).

Subject to and without waiving any of its objections, Defendant responds to this request as follows: See attached TAG000009–10.

**SUPPLEMENTAL RESPONSE:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this request as follows: as of the date of these responses, Defendant has not located evidence of Plaintiff's prior express written consent to be contacted. Defendant does not concede that such consent does *not* exist, and it reserves the right to supplement this response with any such evidence of consent, should Defendant locate it.

**DOCUMENT REQUEST**

3.    Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or calls to your plaintiff.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: See attached TAG000001–10.

**SUPPLEMENTAL RESPONSE:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this request as follows: Defendant received Mr. Reents' contact information from Skyline Marketing c/o Ara Avakian (818.261.6363; araskyline@gmail.com & ara.avakian@yahoo.com). Defendant hired Skyline to market its services online.

**DOCUMENT REQUEST**

4.      Please produce all documents relating to any failure by an employee or a vendor to abide by your policies relating to the sending of outbound calls.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant objects specifically to this request because it is overbroad and unduly burdensome.  *See*, *e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: See attached TAG000009–10.

**DOCUMENT REQUEST**

5.      Please produce all documents relating to complaints or do-not-call requests concerning outbound calls, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant objects specifically to this request because it is overbroad and unduly burdensome.  Among other things, the request is overbroad because it seeks information about "complaints" "concerning outbound calls," which is broad enough to encompass any complaint ever made by a customer concerning Defendant's services.  Defendant has no way of aggregating this data specific to Plaintiff's TCPA claims.

///

**DOCUMENT REQUEST**

6.     All contracts or documents representing agreements with any vendors that contacted the Plaintiff.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: When Defendant determines the identity of the vendor responsible for providing Plaintiff's phone number to Defendant, it will produce any contract(s) between Defendant and any such vendor(s).

**DOCUMENT REQUEST**

7.     All contracts or documents representing agreements with any vendors that provided you with the Plaintiff's phone number.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: When Defendant determines the identity of the vendor responsible for providing Plaintiff's phone number to Defendant, it will produce any contract(s) between Defendant and any such vendor(s).

**DOCUMENT REQUEST**

8.     All contracts or documents representing agreements with any vendors that contacted putative class members but not the Plaintiff.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows:

Defendant is unaware of any documents reflecting "agreements . . . to contact[] putative class members but not the Plaintiff."

**DOCUMENT REQUEST**

9.     All contracts or documents representing agreements with any vendors that provided you the phone number of putative class members but not the Plaintiff's.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant is unaware of any documents reflecting "agreements" regarding "the phone number of putative class members but not the Plaintiff's."

**DOCUMENT REQUEST**

10.     All communications with any vendor that physically dialed calls to the Plaintiff regarding outbound calls.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant specifically objects to this request because it has no way of knowing any vendor's practices, e.g., whether any vendor "physically" dialed calls to Plaintiff.  *See Nosal*, 269 F.R.D. at 290 (determining that the defendant hotel would not be required to produce documents in the possession of the vendor it had hired to refinish the hotel bathroom because hotel did not control the vendor); *Estate of Young Through Young*, 134 F.R.D. at 294 (a party is not in "control" of records that the requesting party has equal ability to obtain from public sources).

Subject to and without waiving any of its objections, Defendant responds to this request as follows: When Defendant determines the identity of the vendor responsible for providing

Plaintiff's phone number to Defendant, it will produce any communications between Defendant and any such vendor(s).

**DOCUMENT REQUEST**

11.     All communications with any vendor that provided you with the Plaintiff's phone number regarding data acquisition or purported consent related to the data it sells.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: When Defendant determines the identity of the vendor responsible for providing Plaintiff's phone number to Defendant, it will produce any communications between Defendant and any such vendor(s).

**DOCUMENT REQUEST**

12.     All communications with any vendor that physically dialed calls to putative class members but not the Plaintiff regarding outbound calls.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant specifically objects to this request because it has no way of knowing any vendor's practices, e.g., whether any vendor "physically" dialed calls to Plaintiff.  *See Nosal*, 269 F.R.D. at 290 (determining that the defendant hotel would not be required to produce documents in the possession of the vendor it had hired to refinish the hotel bathroom because hotel did not control the vendor); *Estate of Young Through Young*, 134 F.R.D. at 294 (a party is not in "control" of records that the requesting party has equal ability to obtain from public sources).

Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant is unaware of any communications regarding "calls to putative class members but not the Plaintiff regarding outbound calls."

**DOCUMENT REQUEST**

13.     All communications with any vendor that provided you with the putative class member phone numbers but not the Plaintiff regarding data acquisition or purported consent related to the data it sells.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant does not have any phone numbers belonging to "the putative class."

**DOCUMENT REQUEST**

14.     All internal communications with any vendor that physically dialed calls to the Plaintiff regarding outbound calls.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant specifically objects to this request because it has no way of knowing any vendor's practices, e.g., whether any vendor "physically" dialed calls to Plaintiff.  *See Nosal*, 269 F.R.D. at 290 (determining that the defendant hotel would not be required to produce documents in the possession of the vendor it had hired to refinish the hotel bathroom because hotel did not control the vendor); *Estate of Young Through Young*, 134 F.R.D. at 294 (a party is not in "control" of records that the requesting party has equal ability to obtain from public sources).

Subject to and without waiving any of its objections, Defendant responds to this request as follows: When Defendant determines the identity of the vendor responsible for providing Plaintiff's phone number to Defendant, it will produce any communications between Defendant and any such vendor(s).

**DOCUMENT REQUEST**

15.     All internal communications with any vendor that provided you with the Plaintiff's phone number regarding data acquisition or purported consent related to the data it sells.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: When Defendant determines the identity of the vendor responsible for providing Plaintiff's phone number to Defendant, it will produce any communications between Defendant and any such vendor(s).

**DOCUMENT REQUEST**

16.     All internal communications with any vendor that physically dialed calls to putative class members but not the Plaintiff regarding outbound calls.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant specifically objects to this request because it has no way of knowing any vendor's practices, e.g., whether any vendor "physically" dialed calls to "putative class members."  Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant does not have any phone numbers belonging to "the putative class."

///

26

**DOCUMENT REQUEST**

17.     All internal communications with any vendor that provided you with the putative class member phone numbers but not the Plaintiff regarding data acquisition or purported consent related to the data it sells.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant does not have any phone numbers belonging to "the putative class."

**DOCUMENT REQUEST**

18.     Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

Defendant does not have any insurance coverage for Plaintiff's claims.

**DOCUMENT REQUEST**

19.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

At this time, Defendant is unaware of any such agreements, but expressly reserves its ability to supplement this response if any such agreements are identified.

**DOCUMENT REQUEST**

20.    Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

At this time, Defendant is unaware of any such documents, but expressly reserves its ability to supplement this response if any such documents are identified.

**DOCUMENT REQUEST**

21.    Please produce all documents containing any of the following information for each outbound call to acquire new customers sent by you or your vendors:

a) the date and time;

b) the caller ID;

c) any recorded message or dialing system used;

d) the result;

e) identifying information for the recipient; and

f) any other information stored by the call detail records.

///

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant objects specifically to this request because it is overbroad and unduly burdensome.  *See*, *e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2.  Defendant places calls on a daily basis to its customers, and there is no way of aggregating the requested information by vendor or lead source.

**SUPPLEMENTAL RESPONSE:**

Defendant incorporates its prior objections and responses by reference.  Subject to and without waiving those objections, Defendant responds to this request as follows: Defendant's Ring Central records are not preserved beyond thirty days.  Defendant called Plaintiff using a Ring Central telephone in October 2021.  It no longer has any of its Ring Central records specific to Plaintiff's telephone calls.

**DOCUMENT REQUEST**

22.    All communications with any third party concerning this litigation.

**RESPONSE:**

Defendant does not have in its possession, custody, or control any non-privileged communications with any third party concerning this litigation.

**SUPPLEMENTAL RESPONSE:**

Defendant incorporates its prior objections and responses by reference.  Subject to and without waiving those objections, Defendant responds to this request as follows: Defendant will produce its communications with Skyline Marketing as it relates to Plaintiff's contact information.

**DOCUMENT REQUEST**

23.    To the extent Defendant asserts that Defendant obtained consent or permission to

contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: When Defendant determines the identity of the vendor responsible for providing Plaintiff's phone number to Defendant, it will produce any such documents responsive to this request.

**DOCUMENT REQUEST**

24. For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff or putative class members visited that website.

**RESPONSE:**

Defendant has not identified "any website identified in response to the prior request."

**DOCUMENT REQUEST**

25. Documents sufficient to identify and provide the schema and/or fields maintained in the database in which data posted through each website identified in response to Request No. 24 is stored or recorded.

**RESPONSE:**

Defendant does not have in its possession, custody, or control any such documents.

**DOCUMENT REQUEST**

26. Documents concerning backups to the databases identified in response to Request No. 24, including documents sufficient to identify where any backups reside, the standard for the

backup routines (e.g. full backups, incremental, differential), schedules (e.g. backups taken daily, weekly, monthly), and retention.

**RESPONSE:**

Defendant does not have in its possession, custody, or control any such documents.

**DOCUMENT REQUEST**

27.     For each website identified in response to Request No. 24, all documents sufficient to identify any vendor or third party used for visitor traffic reporting. This includes any companies performing search engine optimization or internet marketing consultants.

**RESPONSE:**

Defendant does not have in its possession, custody, or control any such documents.

**DOCUMENT REQUEST**

28.     All web logs for any website identified in response to Request No. 24, including the following information for each such website: IP Address, Location, Date and Time stamps, User Agent (including but not limited to user browser and operating system), Requested URL, Referring URL, Request Type (i.e. POST, GET), Response Code, and Status.

**RESPONSE:**

Defendant does not have in its possession, custody, or control any such documents.

**DOCUMENT REQUEST**

29.     All documents that identify the website host(s) for any website identified in Request No. 24 and the dates each host was active for each respective website.

///

///

///

31

**RESPONSE:**

Defendant does not have in its possession, custody, or control any such documents.

DATED:  August 12, 2022                Respectfully submitted,

                                **TAX ADVOCATE GROUP, LLC**


                By:     */s/ Kevin J. Cole*
                        Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
                        KJC LAW GROUP, A.P.C.
                        9701 Wilshire Blvd., Suite 1000
                        Beverly Hills, CA 90212
                        Telephone: (310) 861-7797
                        Facsimile: (818) 994-9200

                        *Attorneys for Defendant*

## PROOF OF SERVICE

I, Chen Wang, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of Los Angeles, California, where the mailing occurs, and my business address is 9701 Wilshire Blvd., Suite 1000, Beverly Hills, CA 90212.

On August 12, 2022, I served the following documents on the party listed below by e-mailing them to the person at the e-mail address listed below, based on the parties' agreement to accept service electronically:

➢ **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES; and**

➢ **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS**

Attorneys for Plaintiff:

Anthony I. Paronich, Esq.
  *Anthony@ParonichLaw.com*
**Paronich Law, P.C.**
350 Lincoln St, Suite 2400
Hingham, MA 02043

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2022 in Los Angeles, California.

_____
Chen Wang